UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN BRADLEY, *individually and on behalf of all others similarly situated*, *Plaintiff* | § § § § § § | |
| v. | § § | No. 1:25-cv-00650-DAE |
| OPEN LENDING CORPORATION, ET AL., *Defendants* | § § § § | |

**ORDER**

Before the Court is Plaintiff Kevin Bradley's motion for appointment as lead plaintiff, Dkt. 22, Plaintiff Steamfitters Local 449 Retirement Security Fund's ("Steamfitters") motion for appointment as lead plaintiff, Dkt. 23, and Plaintiff Laborers' District Council and Contractors' Pension Fund of Ohio's ("Ohio Laborers") motion for appointment as lead plaintiff, Dkt. 25. Bradley and Steamfitters moved to withdraw their respective motions for appointment as lead plaintiff. Dkts. 29; 30. The District Judge referred the motions to the undersigned for disposition. Having considered the motions, related briefing, and applicable law, the Court grants Bradley and Steamfitters' motions to withdraw and grants Ohio Laborers' motion for appointment as lead plaintiff. The Court also approves Ohio Laborers' selection of counsel.

1

## I.     BACKGROUND

On May 1, 2025, Plaintiff Kevin Bradley filed a class-action complaint on behalf of all those who purchased or otherwise acquired Defendant Open Lending Corporation ("Open Lending") securities between February 24, 2022, and March 31, 2025, inclusive ("the class period"). Dkt. 1, at 2. Bradley brings claims on behalf of the class for violations of the Securities Exchange Act of 1934 ("the Exchange Act"). *Id.*

That same day, Bradley published notice of the pendency of this action in compliance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* Dkts. 22-1, 22-2; 15 U.S.C. § 78u-4. The PSLRA, which amended the Exchange Act and the Securities Act of 1933, governs the appointment of a lead plaintiff in a securities class action. *See* 15 U.S.C. § 78u-4(a)(3). The published notice alerted the Open Lending investors of the action and of the 60-day deadline to seek appointment as lead plaintiff. Dkt. 22-2, at 2. Bradley, Steamfitters, and Ohio Laborers each moved for appointment as lead plaintiff. Dkts. 22; 23; 25. Bradley and Steamfitters moved to withdraw their motions. Dkts. 29; 30. Ohio Laborers asserts that because it is the sole remaining investor seeking to represent the class as lead plaintiff and the most adequate plaintiff under the PSLRA, this Court should appoint it as lead plaintiff. Dkt. 31, at 1 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).

## II.     LEGAL STANDARD

The PSLRA instructs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most

capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the PSLRA instructs the court to "adopt a presumption that the most adequate plaintiff is the person or group of persons that": (1) "filed the complaint or made a motion" to be appointed as lead plaintiff; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See id.* § 78u-4(a)(3)(B)(iii)(I). A member of the purported plaintiff class may rebut this presumption "only upon proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

### III.    DISCUSSION

#### A.    Ohio Laborers is the most adequate plaintiff.

The PSLRA requires that putative class members move for appointment as lead plaintiff within 60 days of the publication of notice regarding the action. *See id.* § 78u-4(a)(3)(A)(i)(II). Bradley published notice of this action on May 1, 2025. Dkts. 22-1; 22-2. Since Ohio Laborers filed its motion for appointment as lead plaintiff on June 30, 2025, Ohio Laborers complied with this requirement. Dkt. 25.

Ohio Laborers has the "largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Ohio Laborers states that it incurred

almost $86,949.89 in losses.[1] Dkts. 25, at 9; 25-1; 25-3. No other plaintiff seeking appointment as lead plaintiff has a larger financial interest. *See* Dkts. 22, at 8 (disclosing a financial interest of $9,463.74); 23, at 5 (disclosing a financial interest of $135,144); 29 (moving to withdraw motion for appointment as lead plaintiff); 30 (moving to withdraw motion for appointment as lead plaintiff).

### B.      Ohio Laborers satisfies the Rule 23 requirements.

Because Ohio Laborers has the largest financial interest in the litigation, it is the presumptive lead plaintiff. The Court next evaluates whether Ohio Laborers satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 provides that a party may serve as class representative if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23. For purposes of selecting a lead plaintiff in securities class actions, the typicality and adequacy requirements of Rule 23 are the only relevant provisions the court must examine. *Schneider v. Natera,* No. 1:22-CV-00398-LY, 2022 WL

---

[1] Ohio Laborers calculates its losses using the "last-in, first-out" method countenanced in *Schneider*. *See* Dkt. 25-3; *Schneider v. Natera*, No. 1:22-CV-00398-LY, 2022 WL 22442715, at *2 (W.D. Tex. July 26, 2022).

22442715, at *3 (W.D. Tex. July 26, 2022). The presumptive lead plaintiff must at least make a preliminary showing that the plaintiff has claims typical of those of the putative class and the capacity to provide adequate representation for those class members. *Id.*

First, the typicality requirement "'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Id.* (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)). "There is no requirement that a lead plaintiff's claims be identical to the claims of other class members; '[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.'" *Id.* (quoting *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)).

Ohio Laborers claims that, like all other class members, it purchased Open Lending common stock during the class period at prices artificially inflated by Defendants' materially false and misleading statements or omissions and suffered damages. Dkt. 25, at 10. Having reviewed the pleadings and all supporting evidence in this case, and looking beyond the pleadings to understand the claims, relevant facts, and applicable law, the Court finds that Ohio Laborers has properly asserted typicality for the purposes of selecting a lead plaintiff.

Second, Rule 23(a)'s adequacy requirement "'mandates an inquiry into the zeal and competence of the representative's counsel and the willingness and ability of the

5

representatives to take an active role in and control the litigation to protect the interests of absentees.'" *Schneider*, 2022 WL 224442715, at *3 (quoting *Horton v. Goose Creek ISD*, 690 F.2d 470, 484 (5th Cir. 1982)). Additionally, "'the class representatives [must] possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation.'" *Id.* (quoting *Feder v. Electronic Data Sys. Corp.*, 429 F.3d 125, 129-30 (5th Cir. 2005)).

Ohio Laborers is well-suited to adequately represent the class because it has a significant financial interest in the litigation, has retained competent counsel, and, as an institutional investor, is accustomed to acting in the role of a fiduciary. *See* Dkt. 25; *Schneider*, 2022 WL 22442715, at *3. Moreover, Ohio Laborers asserts that its interests are "perfectly aligned" with the interests of other class members. Dkt. 25, at 10.

Ohio Laborers argues that it has further demonstrated its adequacy as lead plaintiff by retaining Cohen Milstein and Forman Watkins as lead counsel. *Id.* The PSLRA states that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Ohio Laborers points out that Cohen Milstein is "a firm with undisputed skill" in litigating this type of case and demonstrates that Forman Watkins is also experienced in acting as liaison counsel for a lead plaintiff in a class action. Dkt. 25-6, at 4.

Having reviewed the relevant documents submitted by Ohio Laborers and its counsel, the Court finds that Ohio Laborers has satisfied the adequacy requirement of Rule 23 for the purposes of serving as lead plaintiff under the PSLRA.

## IV.    CONCLUSION

In accordance with the discussion above, **IT IS ORDERED** that Kevin Bradley and Steamfitters Local 449 Retirement Security Fund's motions to withdraw their motions for appointment as lead plaintiff, Dkts. 29; 30, are **GRANTED**. Kevin Bradley and Steamfitters Local 449 Retirement Security Fund's motions for appointment as lead plaintiff, Dkts. 22; 23, are **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff Laborers' District Council and Contractors' Pension Fund of Ohio's motion for appointment as lead plaintiff and approval of selection of counsel, Dkt. 25, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Laborers' District Council and Contractors' Pension Fund of Ohio is appointed to serve as lead plaintiff in this case.

**IT IS FURTHER ORDERED** that Plaintiff Laborers' District Council and Contractors' Pension Fund of Ohio's selection of Cohen Milstein as lead counsel for the class and Forman Watkins as liaison counsel for the class is approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

SIGNED July 17, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

7